IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LLOYD GEORGE MAXWELL, #23935-037　　*

　　　　　Plaintiff　　　　　　　　　　*

　　v.　　　　　　　　　　　　　　　　*　　CIVIL ACTION NO. L-10-1483

UNITED STATES, et al.　　　　　　　　*

　　　　　Defendants　　　　　　　　　*

　　　　　　　　　　　　　　　　　　***

MEMORANDUM

On June 7, 2010, Lloyd George Maxwell ("Maxwell"), a federal inmate confined at the Yazoo Federal Correctional Complex in Yazoo City, Mississippi, filed this hybrid Federal Tort Claims Act ("FTCA") and civil rights action for damages. When separating the chaff from the wheat, it appears that Maxwell is raising general claims of malicious prosecution, false arrest, racial profiling, discrimination, torture, and negligence against federal agents, prosecutors, and witnesses. Maxwell alleges that he was unlawfully arrested in February of 1987[1] and May of

---

[1] In 1988, Maxwell was convicted by a jury of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846, 841(a)(1) and 18 U.S.C. § 2. He was sentenced to five years imprisonment followed by a special parole term of four years. See United States v. Maxwell, Criminal No. HM-87-371 (D. Md. 1987), aff'd., 889 F.2d 1085 (4th Cir. 1989) (unpublished).

On November 8, 1996, this Court denied Maxwell's motion to vacate his sentence under 25 U.S.C. § 2255. See id. at Docket Nos. 97 and 98. The Court subsequently denied Maxwell's: 1) motion for a certificate of appealability; 2) motion to reconsider denial of his § 2255 motion; and 3) application for a certificate of appealability. See id. at Docket Nos. 101, 102, 107, 108, 109, and 110.

Maxwell appealed to the United States Court of Appeals for the Fourth Circuit. On March 23, 1998, the Fourth Circuit dismissed Maxwell's consolidated appeal from the denial of his § 2255 motion as untimely and affirmed the denial of the motion for a certificate of appealability and the motion for reconsideration. See United States v. Maxwell, 139 F.3d 895 (4th Cir. 1998) (unpublished), cert. denied, 525 U.S. 917 (1998).

1993,[2] and subject to detention and federal prosecutions. He seemingly claims that federal agents used a convicted felony parolee informant and other witnesses, who were offered pleas and financial incentives, to set him up. Maxwell also claims that: (1) his rights under the Vienna Convention on Consular Relations were violated; and (2) the federal prosecutor unconstitutionally denied his family and friends from attending voir dire, trial, and jury deliberations and used preemptory strikes to eliminate black jurors from his trial.

Maxwell states that in September of 2009, he filed an FTCA complaint for damages against the Defendants. He asserts that the FTCA claims were wrongfully denied and he is filing this action within the requisite six-month period from that denial.

Because he appears indigent, Maxwell's Motion to Proceed In Forma Pauperis shall be granted. His Complaint shall, however, be dismissed without requiring a response from Defendants.

To the extent that Maxwell is seeking compensation for his arrests, prosecutions, convictions and confinement under a civil rights theory,[3] the case shall be summarily dismissed

---

[2] The Court assumes that Maxwell is referring to his 1993 conviction in the United States District Court for the Eastern District of Virginia for conspiracy and attempt to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) and 846. Maxwell was sentenced in that case to 240 months of imprisonment, plus an additional ten years based on an enhancement for his 1988 drug conviction. The Fourth Circuit Court of Appeals affirmed his convictions and sentence. See United States v. Maxwell, 46 F.3d 1128 (4th Cir. 1995) (unpublished). Thereafter, the United States District Court for the Eastern District of Virginia denied Maxwell's motion for relief pursuant to 18 U.S.C. § 3582. The Fourth Circuit affirmed the District Court's dismissal, and noted that the § 3582 motion was more properly construed as a § 2255 motion. See United States v. Maxwell, 210 F.3d 363 (4th Cir. 2000) (unpublished).

[3] Maxwell cites to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 28 U.S.C. § 2680(h). In referencing the latter FTCA statute, he states that "this Civil Tort Claim is for violation of the Constitution of the United States, laws, and regulations…." (Docket No. 1 at 10).

without prejudice as the Complaint for damages is not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994).[4]

The plaintiff in Heck, an Indiana state prisoner, sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-7.

---

[4] In a more recent case, the Supreme Court emphasized the need for a clear nexus between a plaintiff's conviction and the alleged wrongful government action before the Heck bar applies. See Nelson v.

A judgment in favor of Maxwell with regard to his criminal process would bring into question the validity of his federal criminal convictions. Under the rule of Heck, his claims for damages may not proceed in this Court at this time because he cannot show that his federal convictions have been reversed or vacated.[5]  A separate Order follows.

June 29, 2010                                            /s/
                                                  _____
                                                  Benson Everett Legg
                                                  United States District Judge

---

Campbell, 541 U.S. 637, 647 (2004).

    [5]    See Crow v. Perry, 102 F.3d 1086, 1087 (10th Cir. 1996); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam); Parris v. United States, 45 F.3d 383, 384-85 (10th Cir. 1995) (Heck bars FTCA damage claim going to underlying conviction if conviction is still in place); and Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (Heck applies to 28 U.S.C. § 1331 civil rights actions).